say that the city is debarred from recovery of moneys expended for the support and maintenance of children who have an estate where the parent is totally indigent and without power to defray the expense of their maintenance. Nor does the rule here announced hold that there is necessity for pleading the lack of parental existence and sufficient means of support. The stipulation is that at all times the defendants were infants and that the father was living. It seems then that the burden of replication is put upon the city to show that the primary duty of the parent was not discharged and was unenforced, because the possibility of recovery against him was precluded by his lack of property. After the death of the father, the mother having predeceased the infants, they became liable, and the sums thereafter expended for their maintenance are chargeable against their separate estates. Judgment rendered accordingly as a general verdict on stipulation for the amount which the agreed rate for that period would total.

Judgment accordingly.

---

Max Shilman, Plaintiff, *v.* Lizza Shilman, Defendant.

(Supreme Court, Bronx Special Term, December, 1918.)

Divorce — a "Get" is a Hebrew bill of divorce — pleading — evidence.

> Among the Jews a "Get," a document drawn up in the Aramaic language, uniformly worded and carefully written by a proper scribe, is a bill of divorce.
>
> Where in an undefended action for divorce the husband plaintiff, a Hebrew, testifies that he was married in Russia to defendant, who is also a Hebrew, that when they had been in this country about seven years, at her solicitation he gave her

a " Get " in the presence of ten witnesses and that she went back to Russia and he has never seen her since, and there is evidence to show that thereafter she was married in Russia to another and is living with him as his wife, there must be judgment for a dismissal of the complaint upon the merits, as the offense complained of was committed by the procurement of the plaintiff or with his connivance.

ACTION for a divorce.

Samuel Rabinowitz, for plaintiff.

No appearance for defendant.

TIERNEY, J. Undefended action for divorce. The parties were married in Odessa, Russia. They are Hebrews. They came to this country in 1903. The plaintiff testifies that in 1910 the defendant told him she wanted a divorce, that he consented, and that they both went to a rabbi and that he gave her what is known in their religion as a " Get: a Hebrew divorce;" that she then went back to Odessa and he has never seen her since. Proof was presented that she thereafter in Odessa married another man and was living with him as his wife. A " get " is defined to be " a bill of divorce among the Jews. Like the ketuba, or marriage contract, this document is drawn up in the Aramaic language, uniformly worded and carefully written by a proper scribe. The orthodox form must contain twelve full and equal lines (neither more nor less) to agree with the numerical value in Hebrew, of the letters G. T. After certain preliminary ceremonies and questionings by the rabbi, particularly as to whether both parties agree to the divorce, the husband hands the get to his wife in the presence of ten witnesses. In the get is contained the date, the names and surnames of husband and wife and of their

fathers, and also the name of the city and its location (whether near a river or sea). After the first lines, containing the date, it runs: ' I, N, son of N, of the City of N, situated on the River N, set thee free, my wife N, daughter of N, of the City of N, &c. Thou art set free and art at liberty to marry any man whom thou mayst choose. This document from me is a letter of divorcement and liberty according to the law of Moses and Israel.' '' The offense complained of therefore was committed by the procurement or with the connivance of the plaintiff. There must be judgment for the defendant dismissing the action upon the merits.

Judgment for defendant.

P. T. McDermott, Inc., Plaintiff, _v._ The Arden Construction Company, Inc., et al., Defendants.

(Supreme Court, Kings Special Term, December, 1918.)

Lien Law, § 22 — when building loan contract must be filed in county clerk's office — what subject to lien and claim of person who shall thereafter file notice of lien — mechanics' liens — foreclosure — contracts — statutes.

The purpose of section 22 of the Lien Law is to furnish additional protection to persons whose material is used for the benefit and improvement of real property and said section aims to preserve a legal status which a contractor was justified in presuming to exist in the absence from the records of any agreement effective to create adverse rights and interests in favor of another, as against the owner of the real property.

Where an agreement by a mortgage company to convey certain properties upon which the grantee agrees to erect a number of buildings, though containing numerous and complicated conditions precedent, also contains all the essentials of a building loan agreement, the mortgage company is liable to the contractors and materialmen for its failure to file the agreement as required by section 22 of the Lien Law, which declares that